UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ALAN K. BISTRUP, | ) | Civ. 12-4034-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER ADOPTING REPORT AND |
| | ) | RECOMMENDATION AND |
| JORDAN HOLLINGSWORTH, | ) | DISMISSING CASE |
| | ) | |
| Respondent. | ) | |

Petitioner, Alan K. Bistrup, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Bistrup is incarcerated at the Federal Prison Camp in Yankton, South Dakota. The case was referred to United States Magistrate Judge John E. Simko pursuant to 28 U.S.C. § 636(b)(1)(B).

On March 30, 2012, Magistrate Judge Simko submitted his report and recommended that Bistrup's § 2241 petition be dismissed because the subject matter of his petition is outside the boundaries of relief which may be sought through a § 2241 petition. Bistrup submitted timely objections to the report and recommendation.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1), "when a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, '[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is

made.' " *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). Objections must be timely and specific in order to require de novo review by the district court. *Thompson v. Nix*, 897 F.2d 356, 358 (8th Cir. 1990).

## BACKGROUND

Magistrate Judge Simko took judicial notice of Bistrup's underlying criminal conviction. *See United States v. Bistrup*, CR. 03-386(1), (D. Minn. 2003). The relevant facts are derived from the underlying file.

In 2003, Bistrup was indicted on multiple counts of mail fraud, bank fraud, making false statements to a financial institution, wire fraud, securities fraud, and money laundering. The charges stemmed from Bistrup's scheme to solicit "investment" funds from his friends, golf partners, family members, and community members. Instead of investing the money, however, Bistrup diverted it to his personal use, including the purchase of an extravagant million dollar town home. The purchase of the town home was also made possible through Bistrup's falsification of loan documents. Bistrup and his wife were indicted in 2003 for crimes relating to the investment scheme and the fraudulently obtained mortgage(s) on the million dollar town home. A multiple count Second Superseding Indictment was issued in February 2004. Bistrup

was convicted at trial of two counts of mail fraud, two counts of bank fraud, two counts of false statements on loan applications, fifteen counts of securities fraud, four counts of wire fraud, and ten counts of money laundering. Bistrup was acquitted on one count of securities fraud and one count of bank fraud. The district court for the District of Minnesota, the Honorable David S. Doty, sentenced Bistrup to 188 months' imprisonment and five years of supervised release. Judge Doty imposed a special assessment of $3,500 and ordered restitution of $2,941,067.

Bistrup appealed his conviction. On direct appeal, Bistrup raised three issues all pertaining to the method by which the district court calculated his sentence. *See United States v. Bistrup*, 449 F.3d 873 (8th Cir. 2006). The Eighth Circuit issued its opinion on April 10, 2006, affirming the district court's calculation of Bistrup's 188-month sentence. *Id.* To date, Bistrup has not filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

"It is well settled [that] a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Section 2255's savings clause provides that an application for relief

> shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. Bistrup bears the burden of showing that § 2255 relief in the sentencing court is unavailable or ineffective. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

Bistrup objects to Magistrate Judge Simko's conclusion that his petition seeks relief beyond the scope of 28 U.S.C. § 2241. Specifically, Bistrup argues that he is actually innocent of money laundering under the rule announced in the plurality opinion in *United States v. Santos,* 553 U.S. 507 (2008). Because he could not have presented his legal theory within the one-year statute of limitations applicable to motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, Bistrup contends that relief under § 2255 is "inadequate or ineffective to test the legality" of his detention. Thus, he reasons that the savings clause of § 2255(e) permits him to seek relief under § 2241.

Bistrup first argues that § 2255 is inadequate or ineffective because the Supreme Court of the United States has held that the court must "respect the plaintiff's choice of statute to invoke, whether section 2241, section 2255, or 42 U.S.C. section 1983 and give the action appropriate treatment under the law." Docket 7 at 3 (citing *Felker v. Turpin*, 518 U.S. 651 (1996) and *Copus v. City of Edgerton*, 96 F.3d 1038 (7th Cir. 1996) (per curiam)). Bistrup misrepresents the

holdings in *Felker* and *Copus*. Neither the majority opinion nor the concurring opinion in *Felker* stated that a court must "respect" the plaintiff's categorization of his claim. Nor did the *Copus* court. Rather, the Court of Appeals for the Seventh Circuit held that the district court "was not authorized to convert a § 1983 action into a § 2254 action" and noted that such a "step carries disadvantages (exhaustion and the certificate of appealability only two among many) for litigants." *Copus*, 96 F.3d at 1039. Even if the *Copus* holding were what Bistrup claims it is, it is not binding on this court. The Court of Appeals for the Eighth Circuit has held that a court may not convert a § 1983 suit into a habeas corpus action without first obtaining the petitioner's consent to the reclassification and warning the petitioner of the one-year statute of limitations applicable to habeas corpus actions and of the limitations on successive petitions. *Morales v. United States*, 304 F.3d 764 (8th Cir. 2002). Thus, this court is not required to honor Bistrup's classification of his petition as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Bistrup next argues that section 2255 is "inadequate or ineffective to test the legality of his detention" because he could not have presented his legal theory in a § 2255 motion. Bistrup cites *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), and he argues that his case is similar to the circumstances presented there. In that case, the petitioner had been convicted of using a firearm in the commission of a drug offense in violation of 18 U.S.C. § 924(c). *Id.* at 607. The

Seventh Circuit Court of Appeals upheld the petitioner's conviction and affirmed the denial of his § 2255 motion. *Id.* The Supreme Court of the United States subsequently decided in *Bailey v. United States*, 516 U.S. 137 (1995) that "use" in § 924(c) does not include mere possession, although that was the law of the Seventh Circuit when the petitioner was convicted. *Id.* The petitioner then tried to seek relief under § 2241 and argued that § 2255 was inadequate or ineffective to test the legality of his detention because he could not have raised his legal theory prior to *Bailey*. The Seventh Circuit held that the savings clause of § 2255 was applicable and that the petitioner could seek relief under § 2241. Bistrup asserts that his situation is indistinguishable.

In *Davenport*, however, the legal theory the petitioner sought to present had been made retroactive to cases on collateral review. *Davenport*, 147 F.3d at 610 (observing that petitioner's claim "would wash out if the Supreme Court had made the statutory definition it adopted in *Bailey v. United States*, 516 U.S. 137 (1995)] applicable only to future cases[.]"); *see also Bousley v. United States*, 523 U.S. 614, 621 (1998) (holding that *Bailey* was retroactive to cases on collateral attack). Bistrup's argument is based on *United States v. Santos,* 553 U.S. 507 (2008). As Magistrate Judge Simko found, *Santos* has not been made retroactive to cases on collateral review. Thus, Bistrup's argument fails even under the authority he cites and his objections are overruled. Therefore, it is

ORDERED that Bistrup's objections (Docket 7) to the report and recommendation are overruled and the report and recommendation  (Docket 6) is adopted in full.

IT IS FURTHER ORDERED that Bistrup's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is dismissed.

Dated May 31, 2012.

                        BY THE COURT:

                        /s/ *Karen E. Schreier*
                        KAREN E. SCHREIER
                        CHIEF JUDGE